■ HENRY G. BOSSERT, Individually and as Administrator of the Estate of MARJORIE BOSSERT, Deceased, Respondent, v FORD MOTOR COMPANY et al., Appellants.

The plaintiff, who commenced this action, both individually and as administrator of his wife's estate, died three years prior to the submission of the defendants' motion for summary judgment. At that time, no substitution of parties had been effected in accordance with the provisions of CPLR 1021 for the deceased plaintiff in either his individual or representative capacities. Although the plaintiff's nephew had been appointed personal representative of both the plaintiff and the plaintiff's wife's estates, no motion was made to substitute him as a party. The purported stipulation between counsel for the deceased plaintiff and counsel for the defendants to change the caption of the action was not a proper method for effecting a substitution and, in any event, is beyond the scope of this record. A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction over the personal representative and is not a mere technicality. As

such, it requires proper notice to and service upon the personal representative *(see,* CPLR 1015, 1021; *Matter of Einstoss,* 26 NY2d 181; *Wisdom v Wisdom,* 111 AD2d 13; McLaughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1015:2, at 35 [1988 Pocket Part]). There is no indication in the record that the personal representative was served with the stipulation, that he endorsed it or that he authorized the deceased plaintiff's attorneys to act on his behalf. Their agency as attorneys for the deceased plaintiff terminated upon his death and any subsequent actions by them on his behalf were null and void *(see, Hart v Blabey,* 286 NY 75; *Hemphill v Rock,* 87 AD2d 836). Therefore, since no proper substitution of parties was made prior to the entry of the order denying summary judgment, that order is a nullity and this court has no jurisdiction to hear and determine the appeal *(see, Timoner v North Shore Internal Medicine Assocs.,* 125 AD2d 300; *Muth v Benjamin,* 109 AD2d 736; *Paul v Ascher,* 106 AD2d 619). Finally, it has been brought to our attention that subsequent to oral argument, the attorneys for the deceased plaintiff and the attorneys for defendants entered into a second stipulation which has been "so ordered" to the same effect as the prior stipulation. Without passing thereon, we would note that this stipulation appears to suffer from the same deficiencies as the prior stipulation in terms of satisfying the requirements of CPLR 1015 and 1021. In any event, regardless of the validity of this second stipulation, it would have no bearing upon the validity of the order appealed from or this court's jurisdiction to entertain this appeal. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.