■ PATRICIA CAMPBELL, Appellant, et al., Plaintiff, v DUTTON STORAGE DISTRIBUTION COMPANY et al., Respondents. [660 NYS2d

34] —In a negligence action to recover damages for the destruction of property, the plaintiffs appeal from an order of the Supreme Court, Orange County (DiBlasi, J.), dated July 30, 1996, which denied their motion to vacate an order of the same court which, *sua sponte,* dismissed the complaint.

Ordered that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was to vacate the order which dismissed the complaint insofar as asserted by the plaintiff Louise Campbell is dismissed and that portion of the order is vacated; and it is further,

Ordered that the order is otherwise affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Louise Campbell died before the motion to vacate the order dismissing the complaint was made. It appears that no substitution by a legal representative took place as required by CPLR 1015 (a). Under these circumstances, the order appealed from, as it pertains to the plaintiff Louise Campbell, is a nullity and this Court has no jurisdiction to hear and determine the appeal as it pertains to her (*see, Halperin v Waldbaum's Supermarket,* 236 AD2d 514; *Bossert v Ford Motor Co.,* 140 AD2d 480).

The Supreme Court *sua sponte* dismissed the complaint based on the plaintiffs' default in appearing at a scheduled preliminary conference. To vacate this order the appellant Patricia Campbell had to proffer evidence not only that she had a reasonable excuse for the default, but also that she had a meritorious cause of action (*see,* CPLR 5015; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Barasch v Micucci,* 49 NY2d 594; *Martinez v Otis El. Co.,* 213 AD2d 523). The court providently exercised its discretion by denying the motion to vacate the default.

In addition to Patricia Campbell's over-all lack of diligence in prosecuting her action, her only excuse for her failure to appear at the preliminary conference was that she was under the "impression that all matters would be held in abeyance" until she could "will herself together" as a result of emotional distress from her mother's illness. However, this excuse, which is unsupported by any factual basis and which was not communicated either to the court or opposing counsel, cannot be deemed reasonable. Moreover, the appellant has failed to proffer sufficient evidence of the merit of her underlying cause of action. Accordingly, the motion to vacate the default was properly denied as to the plaintiff Patricia Campbell. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.