■ WILLIAM HICKS, Appellant, v ALBERT JEFFREY, Respondent. [757 NYS2d 474] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated June 12, 2002, which denied his motion to substitute the Nassau County Public Administrator in place of the defendant Albert Jeffrey, deceased, and to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

It is well settled that the death of a party stays the action as to him or her pending the substitution of a legal representative, and any determination rendered without such a substitution is generally deemed a nullity (*see* CPLR 1015; *Matter of Einstoss,* 26 NY2d 181, 187, 189 [1970]; *Gonzalez v Ford Motor Co.,* 295 AD2d 474, 475 [2002]; *Meehan v Washington,* 242 AD2d 286, 287 [1997]). Here, the Supreme Court's marking the case off the calendar, and its subsequent dismissal of the action because of the death of the defendant, Albert Jeffrey, were nullities, and the plaintiff was entitled to apply for the appointment of an administrator for that defendant. Upon said appointment, the plaintiff was entitled to substitution (*see* CPLR 1015 [a], [b]; 1021; *Meehan v Washington, supra; see also* 22 NYCRR 202.21 [h]).

The contention that the order should be deemed to be an order denying a motion for leave to reargue is without merit. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.