■ TED SINGER et al., Appellants, v MARTIN RISKIN et al., Defendants, and MAURICE GUILD, Respondent. [821 NYS2d 120]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated February 23, 2005, as, in effect, denied that branch of their motion which was pursuant to CPLR 1021 to substitute the estate of Maurice Guild in place of the deceased defendant Maurice Guild, and denied that branch of their motion which was for leave to serve an amended complaint.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to serve an amended complaint is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified by adding a provision thereto granting the plaintiffs leave to serve and file a renewed motion pursuant to CPLR 1021 to substitute the deceased defendant Maurice Guild's personal representative as a party defendant, upon notice, as prescribed in CPLR article 3, to his personal representative or, in the event that no personal representative has been appointed, for the appointment of a personal representative for the deceased defendant Maurice Guild and, upon said appointment, for substitution of the personal representative as a party defendant; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and so much of the order as denied that branch of the motion which was for leave to serve an amended complaint is vacated (*Klaus v Schepps,* 15 AD3d 626 [2005]).

The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made

pursuant to CPLR 1015 (a) (*see Giroux v Dunlop Tire Corp.*, 16 AD3d 1068 [2005]; *Gonzalez v Ford Motor Co.*, 295 AD2d 474 [2002]; *Kelly v Methodist Hosp.*, 276 AD2d 672 [2000]). Moreover, any determination rendered without such substitution will generally be deemed a nullity (*see Hicks v Jeffrey*, 304 AD2d 618 [2003]; *Meehan v Washington*, 242 AD2d 286 [1997]). "A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over the deceased party's personal representative, and such a motion "is not a mere technicality" (*Bossert v Ford Motor Co.*, 140 AD2d 480 [1988]). Here, although the plaintiffs moved pursuant to CPLR 1021 for substitution of the deceased defendant Maurice Guild, they offered no evidence as to the date of his death, and the record is devoid of any indication that an executor or administrator of his estate has been appointed. Since the identity of the deceased defendant's personal representative, if any, is unknown, substitution cannot be properly effected at this juncture. In the absence of such substitution, this Court has no jurisdiction to review the remainder of the order appealed from (*see Bluestein v City of New York*, 280 AD2d 506 [2001]; *Bossert v Ford Motor Co., supra*). Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.