SECOND DEPARTMENT, JUNE, 2008

(June 3, 2008)

■ ABLEY PROPERTIES, INC., Plaintiff, v DENNIS REID et al., Defendants. DENISE REID, Intervenor-Respondent; VINCENT LONGOBARDI, Intervenor-Appellant. [860 NYS2d 135]—

In an action to foreclose a mortgage, Vincent Longobardi appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated January 8, 2008, which, in effect, granted the motion of Denise Reid, in effect, to substitute herself for the deceased defendant Dennis Reid, pursuant to CPLR 1015 (a) and, upon such substitution, to set aside and vacate an assignment dated August 25, 2005 from Dennis Reid to him.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion of Denise Reid is denied without prejudice to renewal upon obtaining appropriate authority to proceed in this action.

In 2004 real property owned by the defendant Dennis Reid was sold at a foreclosure sale. In August 2005 he assigned his claim to any surplus money from the foreclosure sale to the appellant Vincent Longobardi, a self-described "speculator" in

real estate. Dennis Reid thereafter died. In 2006 Longobardi sought surplus money from the sale pursuant to the assignment. The respondent Denise Reid, the daughter of Dennis Reid, moved, in effect, to substitute herself for her late father pursuant to CPLR 1015 (a) and, upon substitution, to set aside and vacate the assignment. Denise Reid alleged that she was the administrator of her father's estate, and that the assignment should be set aside, inter alia, because her father lacked the mental capacity to execute the assignment due to his age and health. In opposition, Longobardi argued that Denise Reid lacked standing. The Supreme Court, reaching the merits of the motion, set aside and vacated the assignment. We reverse.

Upon the death of Dennis Reid, the proceedings were automatically stayed and the Supreme Court was divested of jurisdiction to act until a personal representative was appointed for Dennis Reid's estate and substituted in the action (see *Rumola v Maimonides Med. Ctr.,* 37 AD3d 696 [2007]; *Grillo v Tese,* 113 AD2d 871 [1985]). Here, the Supreme Court erred in granting, in effect, that branch of Denise Reid's motion which was, in effect, to substitute herself for her late father pursuant to CPLR 1015 (a). Denise Reid had been issued only temporary letters of administration for the sole and limited purpose of commencing an unrelated medical malpractice action (see EPTL 11-3.1; SCPA 702; *McQuaide v Perot,* 223 NY 75, 80 [1918]; *Ponnambalam v Sivaprakasapillai,* 35 AD3d 571 [2006]; *Gaentner v Benkovich,* 18 AD3d 424 [2005]). A proper substitution not having been made, the Supreme Court was without jurisdiction to consider her motion on the merits. Thus, on this appeal, we need not, and do not, reach such merits. However, our determination is without prejudice to renewal upon a showing by Denise Reid that she has obtained appropriate authority to proceed in this action. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur. [*See* 18 Misc 3d 1103(A), 2007 NY Slip Op 52391(U).]