■ Ionel Stancu et al., Appellants, v Cheon Hyang Oh et al., Respondents. [903 NYS2d 268]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated April 23, 2009, which denied their motion, inter alia, to vacate the stay of the action imposed pursuant to CPLR 1015 as a consequence of the death of the defendant Chung-Kun Oh, to the extent of allowing them to conduct discovery to obtain information necessary to appoint an administrator of the estate of that defendant in the State of New Jersey.

Ordered that the order is affirmed, with costs.

This action was commenced by the plaintiffs to recover damages for personal injuries allegedly sustained on October 20, 1998, as the result of a motor vehicle accident that occurred in Queens, involving a car operated by the defendant Chung-Kun Oh (hereinafter the decedent), who died on September 15, 2001. At the time of his death, the decedent was a resident of the State of New Jersey.

On February 28, 2005 the Supreme Court marked this action "stayed" due to the decedent's death. On several occasions, in response to motions by the plaintiffs, the Supreme Court directed the plaintiffs to proceed in the "Surrogate's Court of [the] appropriate jurisdiction to appoint an estate representative" for the decedent. Instead of complying with that directive, the plaintiffs again initiated motion practice in the Supreme Court, claiming, without any supporting detail, inter alia, that they "attempted to secure New Jersey counsel" to pursue appointment of representative of the decedent's estate, but have "been unable to find an attorney willing to handle the matter."

The death of a party divests the court of jurisdiction to

conduct proceedings in an action, the action is stayed as to him or her pending substitution of a legal representative, and any determination rendered without such a substitution is generally deemed a nullity (see CPLR 1015, 1021; *Reed v Grossi*, 59 AD3d 509, 511 [2009]; *Rumola v Maimonides Med. Ctr.*, 37 AD3d 696, 696-697 [2007]; *Lugo v GE Capital Auto Lease*, 36 AD3d 409, 410 [2007]; *Singer v Riskin*, 32 AD3d 839, 839-840 [2006]; *Giroux v Dunlop Tire Corp.*, 16 AD3d 1068, 1069 [2005]; *Hicks v Jeffrey*, 304 AD2d 618 [2003]; *Faraone v National Academy of Tel. Arts & Sciences*, 296 AD2d 349, 350 [2002]; *Gonzalez v Ford Motor Co.*, 295 AD2d 474, 475 [2002]).

Here, the plaintiffs provided no reason why discovery was required. Accordingly, under the circumstances of this case, the Supreme Court properly denied the plaintiffs' motion, inter alia, to vacate the stay of the action imposed pursuant to CPLR 1015 as a consequence of the decedent's death to the extent of allowing them to conduct discovery to obtain information necessary to appoint an administrator of the decedent's estate in the State of New Jersey.

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.