GERSON NEUMAN et al., Respondents, v DAVID NEUMANN et al., Defendants, and STERLING EMPIRE FUNDING ASSOCIATES, LTD., Appellant. [926 NYS2d 632]—

In an action, inter alia, to set aside a conveyance and five mortgages on the ground of fraud, and to recover damages, among other things, for fraud and conversion, the defendant Sterling Empire Funding Associates, Ltd., appeals, by permission, from an order of the Supreme Court, Rockland County (Weiner, J.), dated March 8, 2011, which denied its application pursuant to CPLR 1015 (a) to stay the action pending the substitution of a personal representative for the deceased plaintiff Nandor Neumann. By decision and order dated April 6, 2011, this Court stayed the proceedings in the above entitled action pending hearing and determination of this appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, and the application of the defendant Sterling Empire Funding Associates, Ltd., to stay the action pending the substitution of a personal representative for the deceased plaintiff Nandor Neumann is granted.

The plaintiff Gerson Neuman and his father, the plaintiff Nandor Neumann, commenced this action, alleging that they were the victims of a fraudulent scheme which divested them of ownership of real property located in Monsey, and encumbered the property with five mortgages. The complaint alleges that, prior to the acts of fraud committed by the three individual defendants in this action, Gerson Neuman was the record owner of the subject property, and Nandor Neumann was the holder of a life estate. The complaint contains six causes of action which seek, inter alia, to set aside the allegedly fraudulent conveyance and mortgages, and an additional eight causes of action which seek to recover both compensatory and punitive damages from the individual defendants on theories, inter alia, of fraud and

conversion. At some point after the commencement of the action, Nandor Neumann died. Shortly before a trial was scheduled to commence, Sterling Empire Funding Associates, Ltd. (hereinafter Sterling), one of the mortgagee defendants in the action, made an application pursuant to CPLR 1015 (a) to stay the action pending the substitution of a personal representative for the deceased plaintiff. The Supreme Court denied the motion, concluding that substitution was unnecessary by virtue of CPLR 1015 (b). We reverse.

Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent (see Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1323 [2010]; Manto v Cerbone, 71 AD3d 1099, 1100 [2010]; Wood v Dolloff, 52 AD3d 1190 [2008]; Abley Props., Inc. v Reid, 52 AD3d 442, 443 [2008]; Singer v Riskin, 32 AD3d 839, 840 [2006]; Giroux v Dunlop Tire Corp., 16 AD3d 1068, 1069 [2005]; Noriega v Presbyterian Hosp. in City of N.Y., 305 AD2d 220, 221 [2003]; Gonzalez v Ford Motor Co., 295 AD2d 474, 475 [2002]). However, where the causes of action asserted on behalf of a deceased plaintiff survive only to a coplaintiff, the action may proceed without a substitution, and with the decedent's death merely noted on the record (see CPLR 1015 [a]; Paterno v CYC, LLC, 46 AD3d 788 [2007]; Bova v Vinciguerra, 139 AD2d 797, 799 [1988]). Here, although the complaint sets forth causes of action which survive only to the plaintiff Gerson Neuman as the title owner of the subject property, it also contains causes of action, asserted on behalf of both plaintiffs, which seek compensatory and punitive damages. The decedent's right to recover monetary damages for the alleged injury to his property interest as a life tenant was not extinguished by his death (see EPTL 11-3.2 [b]; Dailey v Northern N.Y. Util., Inc., 129 Misc 183, 188 [1927]), and does not survive only to the remaining plaintiff Gerson Neuman (cf. Paterno v CYC, LLC, 46 AD3d at 789; Bova v Vinciguerra, 139 AD2d at 798-799), but must be prosecuted on behalf of the beneficiaries of his estate. Under these circumstances, the action may not proceed until there has been a substitution of a personal representative for the decedent.

Sterling's remaining contention is without merit. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.