JPMORGAN CHASE BANK, N.A., Appellant, v MAX ROSEMBERG et al., Defendants, and PRISCILLA ABRAMS, Respondent. [934 NYS2d 346]—

"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015 (a). Moreover, any determination rendered without such substitution will generally be deemed a nullity" (*Singer v Riskin*, 32 AD3d 839, 839-840 [2006] [citations omitted]; *see Stancu v Cheon Hyang Oh*, 74 AD3d 1322, 1322-1323 [2010]; *Hicks v Jeffrey*, 304 AD2d 618 [2003]; *Gonzalez v Ford Motor Co.*, 295 AD2d 474, 475 [2002]; *Brogan v Mary Immaculate Hosp. Div. of Catholic Med. Ctr. of Brooklyn & Queens*, 209 AD2d 663, 664 [1994]). Although Priscilla Abrams was named as a defendant in the action, she died before the action was commenced, and no substitution took place as required by CPLR 1015 (a). Accordingly, the order appealed from is a nullity and this Court has no jurisdiction to entertain the appeal (*see Jordan v City of New York*, 23 AD3d 436, 437 [2005]; *Bossert v Ford Motor Co.*, 140 AD2d 480, 481 [1988]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.