In a guardianship proceeding in which the guardian of the person and property of Vita V, an incapacitated person, petitioned pursuant to Mental Hygiene Law § 81.43, inter alia, to recover certain property withheld from the estate of the incapacitated person, Samuel Hasanab, Yuval Golan, and Golan Developers Corp. appeal from an order of the Supreme Court, Richmond County (Aliotta, J), dated March 15, 2011, which denied their motion to vacate a judgment of the same court entered September 24, 2010, in favor of the petitioner and against them in the total sum of $229,113.32.
Ordered that the order is reversed, on the law, without costs or disbursements, and the motion to vacate the judgment entered September 24, 2010, is granted.
Cara B. was appointed as guardian of the property and person of Vita V, an incapacitated person. In July 2007, Cara B. petitioned to recover certain property allegedly belonging to Vita V, or the value of that property, from Samuel Hasanab, Yuval Golan, and Golan Developers Corp. (hereinafter collectively the appellants).
A nonjury trial was held from May 18, 2009, through May 21, 2009, and concluded on June 1, 2009. Vita V died two days later, on June 3, 2009. The trial court issued a decision dated January 6, 2010, finding in favor of Cara B., as the guardian of the person and property of Vita V, and against the appellants in the amount of $200,944.32, plus interest at three per cent per annum from December 5, 2005.
Thereafter, on September 24, 2010, the Supreme Court entered a judgment in the amount of $229,113.32 against the appellants and in favor of Cara B., as guardian of the person and property of Vita V The appellants moved to vacate the judg *914 ment on the basis that, among other things, Vita V had died prior to the issuance of the decision upon which the judgment was based, and the proceeding should have been stayed until the personal representative of her estate was substituted for Cara B. In an order dated March 15, 2011, the Supreme Court denied the appellants’ motion.
Pursuant to CPLR 1015 (a), “[i]f a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties.” “Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent” (Neuman v Neumann, 85 AD3d 1138, 1139 [2011]; see JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714 [2011]; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd,., 51 AD3d 857, 858 [2008]; Singer v Riskin, 32 AD3d 839, 839-840 [2006]).
Upon the death of an incapacitated person, the court appointing the guardian shall discharge the guardian or modify the power of the guardian where appropriate (see Mental Hygiene Law § 81.36 [a] [3]). Thus, following Vita V’s death, Cara B., as guardian, was without authority to continue to represent the person and property of Vita V, in the absence of a further order from the court which had appointed her as guardian modifying her authority to allow for the representation of Vita V’s estate in this proceeding (see Mental Hygiene Law § 81.36 [a] [3]; see e.g. Matter of Glener, 202 AD2d 503, 503-504 [1994]). Until such a modification was issued by the court, or a representative was appointed to represent Vita V’s estate who would have then been substituted in place of Cara B. in this proceeding, the proceeding should have been stayed pursuant to CPLR 1015 (cf. Matter of Rose BB., 262 AD2d 805 [1999]).
The Supreme Court’s failure to stay the proceeding pending proper substitution rendered the judgment entered thereafter a nullity (see Commerce Commercial Leasing, LLC v PIO Enters., Inc., 78 AD3d 1105, 1106 [2010]; Coverdale v Zucker, 302 AD2d 348, 348-349 [2003]; Bluestein v City of New York, 280 AD2d 506, 506 [2001]).
Accordingly, the Supreme Court should have granted the appellants’ motion to vacate the judgment.
In light of our determination, the appellants’ remaining contention has been rendered academic. Angiolillo, J.E, Austin, Sgroi and Miller, JJ., concur.