■ NYCTL 2004-A Trust et al., Plaintiffs, v Millicent Archer, as Voluntary Administrator of the Estate of Clarence McDonald Archer, Deceased, Sued Herein as Estate of Clarence McDonald Archer, et al., Defendants. Randolph Scott, Nonparty Appellant; Nowell Brathwaite, Nonparty Respondent. [16 NYS3d 777]—

In an action to foreclose a tax lien, Randolph Scott appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated March 18, 2011, which granted the motion of Nowell Brathwaite to disaffirm the report of a referee dated June 1, 2007, recommending that the surplus proceeds from the sale of the subject property be distributed to him, denied his cross motion to confirm the referee's report, and, sua sponte, transferred the matter to the Surrogate's Court, Kings County.

Ordered that the appeal is dismissed, without costs or disbursements, and the order is vacated.

Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a legal representative for the decedent pursuant to CPLR 1015 (a) (*see* CPLR 1015, 1021; *JPMorgan Chase Bank, N.A. v Rosemberg*, 90 AD3d 713, 714 [2011]; *Neuman v Neumann*, 85 AD3d 1138, 1139 [2011]; *Stancu v Cheon Hyang Oh*, 74 AD3d 1322, 1322-1323 [2010]; *Reed v Grossi*, 59 AD3d 509, 511 [2009]; *Abley Props., Inc. v Reid*, 52 AD3d 442, 443 [2008]; *Rumola v Maimonides Med. Ctr.*, 37 AD3d 696, 696-697 [2007]). "[A]ny determination rendered without such substitution will generally be deemed a nullity" (*Singer v Riskin*, 32 AD3d 839, 840 [2006]; *see JPMorgan Chase Bank, N.A. v Rosemberg*, 90 AD3d at 714; *Stancu v Cheon Hyang Oh*, 74 AD3d at 1322-1323). Here, the record indicates that the defendant Millicent Archer died before the order appealed from was issued, and that, although the appellant was appointed as administrator of her estate, he was never substituted for her as a defendant in this action, as required by CPLR 1015. Since a proper substitution had not been made, the Supreme Court was without jurisdiction to consider the merits of either the motion of Archer's stepson, Nowell Brathwaite, to disaffirm the report of a referee dated June 1, 2007, or the appellant's cross motion to confirm the referee's report (*see Abley Props., Inc. v Reid*, 52 AD3d at 443). Accordingly, the order appealed from is a nullity and must be vacated, and this Court has no jurisdiction to entertain the appeal (*see JPMorgan Chase Bank, N.A. v Rosemberg*, 90 AD3d at 714; *Klaus v Schepps*, 15 AD3d 626, 626 [2005]; *Bossert v Ford Motor Co.*, 140 AD2d 480, 480-481 [1988]). Balkin, J.P., Roman, Maltese and Barros, JJ., concur.