■ U.S. BANK NATIONAL ASSOCIATION, as Trustee for GSAA HOME EQUITY TRUST 2006-9 ASSET-BACKED CERTIFICATES SERIES 2006-9, Appellant, v ABRAHAM ESSES et al., Defendants, and MARK M. BENUN, Respondent. [18 NYS3d 672]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 16, 2014, which denied its motion to vacate an order of the same court dated February 21, 2014, staying all proceedings in the action pursuant to CPLR 1015 (a).

Ordered that the order dated May 16, 2014, is affirmed, with costs.

In November 2006 the defendant Mark M. Benun, as sole owner, transferred the premises known as 2055 East 1st Street in Brooklyn (hereinafter the subject property) to himself and his grandfather, the defendant Abraham Esses, as joint tenants with right of survivorship. According to the plaintiff, Esses was the obligor on a note and mortgage related to the subject property and defaulted on his payment obligations thereunder. In October 2009, the plaintiff commenced this action to foreclose the mortgage. On January 21, 2010, Esses died. In an order dated February 21, 2014, the Supreme Court stayed all proceedings in the action pursuant to CPLR 1015 (a). Thereafter, the plaintiff moved to vacate the order dated February 21, 2014. The court denied the motion, and the plaintiff appeals.

" 'Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action

pending the substitution of a personal representative for the decedent' " (*Lambert v Estren*, 126 AD3d 942, 943 [2015], quoting *Neuman v Neumann*, 85 AD3d 1138, 1139 [2011]). "In most instances a personal representative appointed by the Surrogate's Court should be substituted in the action to represent the decedent's estate" (*Lambert v Estren*, 126 AD3d at 943). However, where a party's demise does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution (*see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.*, 51 AD3d 857, 858 [2008]; *Paterno v CYC, LLC*, 46 AD3d 788 [2007]; *Alaska Seaboard Partners Ltd. Partnership v Grant*, 20 AD3d 436 [2005]; *Bova v Vinciguerra*, 139 AD2d 797, 799 [1988]). In the context of a mortgage foreclosure action, where a deceased defendant made an absolute conveyance of all his or her interest in the mortgaged premises to another defendant, including his or her equity of redemption, and the plaintiff either discontinued the action as against the deceased defendant or elected not to seek a deficiency judgment against the deceased defendant's estate, then the deceased defendant is not a necessary party to the action (*see HSBC Bank USA v Ungar Family Realty Corp.*, 111 AD3d 673 [2013]; *Bank of N.Y. Mellon Trust Co. v Ungar Family Realty Corp.*, 111 AD3d 657 [2013]). Here, although Benun, as the surviving joint tenant, automatically inherited the subject property from Esses (*see Trotta v Ollivier*, 91 AD3d 8, 12 [2011]), the plaintiff has neither moved to substitute a representative for Esses' estate as a defendant (*see* CPLR 1021), discontinued the action insofar as asserted against Esses, nor represented that it would not seek a deficiency judgment against Esses' estate.

The parties' remaining contentions are without merit, improperly raised for the first time on appeal, or refer to matter dehors the record.

Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the order dated February 21, 2014, staying all proceedings in the action pursuant to CPLR 1015 (a). Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.