■ AURORA BANK FSB, Respondent, v LEE ALBRIGHT et al., Appellants, et al., Defendants. [29 NYS3d 394]—

In an action to foreclose a mortgage, the defendants Lee Albright, Glen Albright, as executor of the last will and testament of Lovelia Albright and as trustee of the marital trust created under the last will and testament of Lovelia Albright, and Todd Albright, as executor of the last will and testament of Lovelia Albright and as trustee of the marital trust created under the last will and testament of Lovelia Albright, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated March 27, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and for the appointment of a referee to compute the amount due.

Ordered that the appeal purportedly taken by the defendant Lee Albright is dismissed, without costs or disbursements, and so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Lee Albright is vacated; and it is further,

Ordered that the order is reversed insofar as reviewed, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Glen Albright, as executor of the last will and testament of Lovelia Albright and Trustee of the marital trust created under the last will and testament of Lovelia Albright, and Todd Albright, as executor of the last will and testament of Lovelia Albright and as trustee of the marital trust created under the last will and testament of Lovelia Albright, and for the appointment of a referee to

compute the amount due are denied, and a separate order of the same court, also dated March 27, 2015, is vacated.

The plaintiff commenced this action to foreclose a mortgage. The defendant Lee Albright (hereinafter the deceased defendant) subsequently died. The plaintiff thereafter moved for, inter alia, summary judgment on the complaint insofar as asserted against the deceased defendant and insofar as asserted against the defendants Glen Albright, as executor of the last will and testament of Lovelia Albright and trustee of the marital trust created under the last will and testament of Lovelia Albright, and Todd Albright, as executor of the last will and testament of Lovelia Albright and as trustee of the marital trust created under the last will and testament of Lovelia Albright, and for the appointment of a referee to compute the amount due. In the order appealed from dated March 27, 2015, the Supreme Court, among other things, granted those branches of the plaintiff's motion.

"Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a legal representative for the decedent pursuant to CPLR 1015 (a)" (*NYCTL 2004-A Trust v Archer*, 131 AD3d 1213, 1214 [2015]; *see* CPLR 1015, 1021; *JPMorgan Chase Bank, N.A. v Rosemberg*, 90 AD3d 713, 714 [2011]; *Neuman v Neumann*, 85 AD3d 1138, 1139 [2011]; *Stancu v Cheon Hyang Oh*, 74 AD3d 1322, 1322-1323 [2010]; *Singer v Riskin*, 32 AD3d 839, 839-840 [2006]). "[A]ny determination rendered without such substitution will generally be deemed a nullity" (*Singer v Riskin*, 32 AD3d at 840; *see NYCTL 2004-A Trust v Archer*, 131 AD3d at 1214; *JPMorgan Chase Bank, N.A. v Rosemberg*, 90 AD3d at 714; *Stancu v Cheon Hyang Oh*, 74 AD3d at 1322-1323). Furthermore, "[t]he death of a party terminates the authority of the attorney for that person to act on his or her behalf" (*Hyman v Booth Mem. Hosp.*, 306 AD2d 438, 438 [2003]; *see Hart v Blabey*, 286 NY 75, 76 [1941]; *Lewis v Kessler*, 12 AD3d 421, 422 [2004]; *Bossert v Ford Motor Co.*, 140 AD2d 480, 481 [1988]).

Here, the deceased defendant died before the plaintiff's motion was made and before the order appealed from was issued. The attorney who had represented the deceased defendant prior to his death purportedly took this appeal on behalf of, among others, the deceased defendant. However, since a substitution of parties had not been effected prior to the filing of the notice of appeal, counsel lacked the authority to act for the deceased defendant, and the purported appeal taken on behalf of the deceased defendant must be dismissed (*see Hy-*

*man v Booth Mem. Hosp.*, 306 AD2d 438, 438 [2003]; *Timoner v North Shore Internal Medicine Assoc.*, 125 AD2d 300, 301 [1986]; *Hemphill v Rock*, 87 AD2d 836, 836 [1982]). Furthermore, since no substitution was made prior to the entry of the order appealed from, the order appealed from is a nullity to the extent that it pertains to the deceased defendant, and we vacate so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the deceased defendant (*see Jordan v City of New York*, 23 AD3d 436, 436-437 [2005]; *Klaus v Schepps*, 15 AD3d 626, 626 [2005]; *Cocozzelli, Lerner, Meunkle & Grossman v Basile*, 247 AD2d 354, 355 [1998]; *Campbell v Dutton Stor. Distrib. Co.*, 240 AD2d 690, 691 [1997]; *Halperin v Waldbaum's Supermarket*, 236 AD2d 514, 515 [1997]).

Similarly, in this case, since a proper substitution had not been made, the Supreme Court should not have determined the merits of the plaintiff's motion, even to the extent that the plaintiff sought relief against the other defendants (*see NYCTL 2004-A Trust v Archer*, 131 AD3d at 1214; *Abley Props., Inc. v Reid*, 52 AD3d 442, 443 [2008]). Although this Court has recognized, under certain limited circumstances, that "where a party's demise does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (*U.S. Bank N.A. v Esses*, 132 AD3d 847, 848 [2015]), those circumstances are not present here.

Accordingly, the court should have denied the subject branches of the plaintiff's motion on procedural grounds (*see U.S. Bank N.A. v Esses*, 132 AD3d at 848; *cf. DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.*, 51 AD3d 857, 859 [2008]). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.