American Airlines Fed. Credit Union v Costello (2018 NY Slip Op 03335)





American Airlines Fed. Credit Union v Costello


2018 NY Slip Op 03335


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-02887
2015-08090
 (Index No. 8679/11)

[*1]American Airlines Federal Credit Union, respondent,
v
Michael Costello, et al., defendants, Susan Costello, appellant.


Fred M. Schwartz, Smithtown, NY, for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Catherine Gran and Andrew Morganstern of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Susan Costello appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated June 29, 2014, which (a) granted the plaintiff's motion for summary judgment on the complaint and dismissing the affirmative defenses asserted by the defendants Michael Costello and Susan Costello in their joint answer, and for an order of reference, and (b) denied her cross motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action, and (2) an order of the same court, also dated June 29, 2014, which, among other things, upon the granting of that branch of the plaintiff's motion which was for an order of reference, appointed a referee.
ORDERED that the first order dated June 29, 2014, is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint and dismissing the affirmative defenses asserted by the defendants Michael Costello and Susan Costello in their joint answer, and for an order of reference, and substituting therefor a provision denying the plaintiff's motion on the ground that no substitution had been made for the deceased defendant; as so modified, the first order dated June 29, 2014, is affirmed; and it is further,
ORDERED that the second order dated June 29, 2014, is reversed, on the law; and it is further,
ORDERED that one bill of costs is awarded to the defendant Susan Costello.
The plaintiff commenced this action against, among others, the defendants Michael Costello and Susan Costello (hereinafter together the homeowners) to foreclose a mortgage. In addition to the judicial sale of the subject property, the complaint sought a deficiency judgment against the homeowners.
After the action was commenced, the defendant Michael Costello died. The plaintiff thereafter moved for summary judgment on the complaint and dismissing the affirmative defenses [*2]asserted by the homeowners in their joint answer, and for an order of reference.
The defendant Susan Costello opposed the plaintiff's motion, arguing, among other things, that the death of Michael Costello automatically stayed the proceedings in the action pending the substitution of a legal representative for that deceased defendant. She also cross-moved, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her.
In the first order appealed from, the Supreme Court granted the plaintiff's motion and denied Susan Costello's cross motion. In the second order appealed from, the court, inter alia, appointed a referee to compute the amount due to the plaintiff on the note and mortgage.
As a general matter, "the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a legal representative for that decedent pursuant to CPLR 1015(a)" (NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214; see CPLR 1015, 1021; Aurora Bank FSB v Albright, 137 AD3d 1177, 1178; U.S. Bank N.A. v Esses, 132 AD3d 847, 847-848; JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714). "[A]ny determination rendered without such a substitution will generally be deemed a nullity" (Singer v Riskin, 32 AD3d 839, 840; see Aurora Bank FSB v Albright, 137 AD3d at 1178; NYCTL 2004-A Trust v Archer, 131 AD3d at 1214).
Here, the defendant Michael Costello died before the plaintiff's motion was made and before the orders appealed from were issued. Since a substitution had not been made, the Supreme Court should not have determined the merits of the plaintiff's motion, even to the extent that the plaintiff sought relief against the other defendants (see Aurora Bank FSB v Albright, 137 AD3d at 1178; U.S. Bank Natl. Assn. v Esses, 132 AD3d at 847-848; NYCTL 2004-A Trust v Archer, 131 AD3d at 1214; JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d at 714). Furthermore, although this Court has recognized, under certain limited circumstances, that "where a party's demise does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (U.S. Bank N.A. v Esses, 132 AD3d at 848), those circumstances are not present here (see Aurora Bank FSB v Albright, 137 AD3d at 1178; U.S. Bank N. A. v Esses, 132 AD3d at 847-848; cf. HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673; Bank of N.Y. Mellon Trust Co. v Ungar Family Realty Corp., 111 AD3d 657, 658-659; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 858).
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or based on matter dehors the record (see generally Salatino v Pompa, 134 AD3d 692, 693). Accordingly, the Supreme Court should have denied the plaintiff's motion on the ground that no substitution had been made for the deceased defendant. Since the failure to lift the automatic stay also required the denial of Susan Costello's cross motion on the same procedural ground, we do not disturb the portion of the order denying that cross motion.
LEVENTHAL, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court