U & Me Homes, LLC v County of Suffolk (2019 NY Slip Op 01119)





U & Me Homes, LLC v County of Suffolk


2019 NY Slip Op 01119


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-10480
 (Index No. 11760/14)

[*1]U & Me Homes, LLC, appellant, 
v
County of Suffolk, et al., defendants, Noyac Hills Estates Association, Inc., respondent.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert, Edward A. Vincent, and Robert W. Frommer of counsel), for appellant.



DECISION & ORDER
In an action for a judgment declaring that a restrictive covenant is invalid and unenforceable, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 23, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against (1) the defendants Lawrence M. Clark, Jr., Jennifer Grant, Citibank, N.A., Town of Southampton Planning Board, Oliver & Clark, Inc., Southampton Hills III, LLC, Windemere Southampton Hills, Ltd., Verizon New York, Inc., Dayna Field, Joel Orgler, Robert Brennan, Matthew Rosenblum, Jennifer Rosenblum, Midland Funding NCC-2 Corporation, Midland Funding, LLC, Fedele T. Bauccio, Stephen R. Bertini, Clerk of the Suffolk County District Court, Sabadell United Bank, N.A., JPMorgan Chase Bank, N.A., Synchrony Bank, Dennis Lang, Capital One Bank (USA) N.A., United States Dept. of Treasury—IRS, Phillip Reisig, Jacqueline Reisig, Clerk of the County of Suffolk, and David Epstein, and (2) nonparties Everet A. Reisig, Gayle A. Reisig, Bridgehampton National Bank, Jonathan James Platt, as executor of the estate of William B. Platt, Jr., and Lois A. Oliver, as executor of the estate of Amund Edwards.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff alleged that it is the owner of certain real property (hereinafter the subject property) located in Suffolk County. The plaintiff commenced this action for a judgment declaring that a restrictive covenant on the subject property is invalid and unenforceable. The plaintiff subsequently moved, inter alia, for leave to enter a default judgment against 28 of the named defendants and 5 nonparties. In its motion papers, the plaintiff represented that 2 of the other named defendants had died and, therefore, it moved for leave to amend the caption by, among other things, deleting the names of the deceased defendants.
In an order dated August 23, 2017, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for leave to enter a default judgment. The court also denied that branch of the plaintiff's motion which was for leave to amend the caption to delete the names of the deceased defendants. The plaintiff appeals. On appeal, the plaintiff's sole contention is that the court erred in denying that branch of its motion which was for leave to enter a default judgment.
"Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a legal representative for the decedent pursuant to CPLR 1015(a)" (NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214; see JP Morgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714; Neuman v Neumann, 85 AD3d 1138, 1139). "A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over the deceased party's personal representative, and such a motion "is not a mere technicality" (Bossert v Ford Motor Co., 140 AD2d 480, 480; see Singer v Riskin, 32 AD3d 839, 840). "[A]ny determination rendered without such substitution will generally be deemed a nullity" (Singer v Riskin, 32 AD3d at 840; see NYCTL 2004-A Trust v Archer, 131 AD3d at 1214; JP Morgan Chase Bank, N.A. v Rosemberg, 90 AD3d at 714).
Here, the deceased defendants died before the plaintiff's motion was made and before the order appealed from was issued. Since a proper substitution had not been made, the Supreme Court should not have determined the merits of the plaintiff's motion, even to the extent that the plaintiff sought relief against other defendants and nonparties (see American Airlines Fed. Credit Union v Costello, 161 AD3d 819, 820; Aurora Bank FSB v Albright, 137 AD3d 1177, 1179; NYCTL 2004-A Trust v Archer, 131 AD3d at 1214). Under the circumstances, the court should have denied that branch of the plaintiff's motion which was for leave to enter a default judgment "on the ground that no substitution had been made" for the deceased defendants (American Airlines Fed. Credit Union v Costello, 161 AD3d at 821; see Aurora Bank FSB v Albright, 137 AD3d at 1179). Accordingly, we affirm the order insofar as appealed from (see generally American Airlines Fed. Credit Union v Costello, 161 AD3d at 821; Aurora Bank FSB v Albright, 137 AD3d at 1179).
In light of the foregoing, it is unnecessary to reach the merits of the plaintiff's argument that it was entitled to a default judgment.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court