Green v Maimonides Med. Ctr. (2019 NY Slip Op 03573)





Green v Maimonides Med. Ctr.


2019 NY Slip Op 03573


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-03454
2018-03535
 (Index No. 506276/14)

[*1]Shmuel Green, et al., appellants, 
v
Maimonides Medical Center, et al., respondents.


The Bagley Firm, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent Maimonides Medical Center.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondents Victor Fariwa and Avenue U Medical Care, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Ellen M. Spodeck, J.), dated January 11, 2018, and (2) a judgment of the same court dated January 30, 2018. The order granted the motion of the defendants Victor Fariwa and Avenue U Medical Care, P.C., and the separate motion of the defendant Maimonides Medical Center, pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeals purportedly taken by the plaintiff Shmuel Green are dismissed; and it is further,
ORDERED that the appeal taken by the plaintiff Zehava Green from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed on the appeal by the plaintiff Zehava Green; and it is further,
ORDERED that one bill of costs payable by the plaintiff Zehava Green is awarded to the defendants appearing separately and filing separate briefs.
The appeals purportedly taken by the plaintiff Shmuel Green must be dismissed, as that plaintiff was deceased at the time the appeals were taken and counsel lacked the authority to file a notice of appeal on his behalf (see Aurora Bank FSB v Albright, 137 AD3d 1177, 1178). The appeal taken by the plaintiff Zehava Green from the intermediate order must be dismissed because [*2]the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal by the plaintiff Zehava Green from the order are brought up for review and have been considered on her appeal from the judgment (see CPLR 5501[a][1]).
In July 2014, Shmuel Green (hereinafter the decedent), and his wife Zehava Green (hereinafter the surviving plaintiff) suing derivatively, commenced this action against the defendants Maimonides Medical Center, Victor Fariwa, and Avenue U Medical Care, P.C., inter alia, to recover damages for medical malpractice based on treatment the decedent received from 2007 to 2012. In April 2015, the decedent died. Two years later, in April 2017, the surviving plaintiff, as proposed administrator of the decedent's estate, commenced a separate action against the defendants to recover damages for wrongful death. In August 2017, the defendants Victor Fariwa and Avenue U Medical Care, P.C., moved, and the defendant Maimonides Medical Center separately moved, pursuant to CPLR 1021 to dismiss the complaint in this action insofar as asserted against each of them for failure to seek a timely substitution of parties on behalf of the decedent. By order dated January 11, 2018, the Supreme Court granted the defendants' respective motions. A judgment dated January 30, 2018, was entered thereon, and this appeal followed.
"A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over a deceased party's successors in interest, and such motion "is not a mere technicality" (Bossert v Ford Motor Co., 140 AD2d 480, 480; see Matter of Einstoss, 26 NY2d 181, 189-190). CPLR 1021 provides, in pertinent part, "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit" (Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619 [internal quotation marks omitted]; see Tokar v Weissberg, 163 AD3d 1031, 1032; White v Diallo, 156 AD3d 664, 665).
Here, the record does not support a finding that the surviving plaintiff diligently sought to substitute a representative for the decedent. The proffered explanation for the surviving plaintiff's delay in obtaining letters of administration was unsubstantiated and insufficient to constitute a reasonable excuse. Moreover, the surviving plaintiff failed to submit an affidavit of merit by a medical expert and did not rebut the defendants' allegations that they had been prejudiced by the delay in substitution. Contrary to the surviving plaintiff's contention, the underlying pleadings and verified bill of particulars, standing alone, do not establish the potential merit of the medical malpractice action. Under these circumstances, the Supreme Court providently exercised its discretion in granting the defendants' respective motions pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them (see Howlader v Lucky Star Grocery, Inc., 153 AD3d 610, 611; Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749, 749-750; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d at 619; Borruso v New York Methodist Hosp., 84 AD3d 1293, 1294; cf. Velez v New York Presbyt. Hosp., 145 AD3d 632, 633).
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court