Estate of Eason v Eason (2022 NY Slip Op 50066(U))

[*1]

Estate of Eason v Eason

2022 NY Slip Op 50066(U) [74 Misc 3d 128(A)]

Decided on January 27, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 27, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-275 N C

Estate of John Eason, Respondent,
against
Lisa Eason, Appellant. 

Akiva Shapiro Law, PLLC (Akiva Shapiro of counsel), for appellant.
Law Office of William D. Friedman (William D. Friedman of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (James Darcy, J.),
dated January 3, 2020. The order, insofar as appealed from as limited by the brief, denied
occupant's motion to, in effect, vacate a stipulation of settlement and the final judgment entered
pursuant thereto, and to dismiss the petition in a summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In May 2019, prior to his death on September 8, 2019, John Eason commenced this
proceeding, denominated a holdover proceeding, to evict occupant, his daughter, from his home,
in which occupant had lived with him for nearly five years. In June 2019, the parties entered into
a so-ordered stipulation which provided that occupant "waive[d] any counterclaims that could
have been raised in this proceeding and consent[ed] to immediate issuance of a warrant of
eviction" with a stay of execution and to issuance of a judgment of possession. In compliance
with the stipulation, a final judgment awarding Mr. Eason possession was entered and a warrant
of eviction was issued, and the warrant of eviction was stayed to September 30, 2019.
On September 26, 2019, occupant moved to, in effect, vacate the stipulation of settlement
[*2]and the final judgment entered pursuant thereto, and to
dismiss the proceeding. Shortly thereafter, Mr. Eason's other daughter, Jhane Eason, was issued
preliminary letters testamentary, and she cross-moved for substitution of petitioner (see
CPLR 1015 [a]). By order dated January 3, 2020, the District Court denied occupant's motion
and granted the cross motion. As limited by her brief, occupant appeals from the denial of her
motion.
"Generally, the death of a party divests a court of jurisdiction to act, and automatically stays
proceedings in the action pending the substitution of a legal representative for the decedent
pursuant to CPLR 1015 (a)" (NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214
[2015]; see JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714 [2011];
Neuman v Neumann, 85 AD3d 1138, 1139 [2011]). "A motion for substitution pursuant
to CPLR 1021 is the method by which the court acquires jurisdiction" over the deceased party's
personal representative, and such a motion "is not a mere technicality" (Bossert v Ford Motor
Co., 140 AD2d 480, 480 [1988]; see Singer v Riskin, 32 AD3d 839, 840 [2006]).

Here, when occupant's motion was made (see CPLR 2211) on September 26, 2019,
after Mr. Eason died, there had not been a substitution of the executor or administrator of his
estate as petitioner in the instant proceeding. Upon Mr. Eason's death, the proceeding "was
automatically stayed and no action could be taken by either party absent statutory authority"
(Brown v Konczeski, 242 AD2d 847, 847 [1997]). As a proper substitution had not been
made prior to the time occupant's motion was made, the court should not have determined the
merits of occupant's motion (see U & Me Homes, LLC v County of Suffolk, 169
AD3d 853 [2019]; American Airlines Fed. Credit Union v Costello, 161 AD3d 819, 820
[2018]; NYCTL 2004-A Trust v Archer, 131 AD3d at 1214). The fact that Jhane Eason
subsequently cross-moved for substitution of petitioner did not cure occupant's improper motion.
Consequently, we affirm so much of the order of the District Court as denied occupant's motion,
albeit on different grounds.
In light of the foregoing, we do not reach the merits of occupant's motion.
Accordingly, the order, insofar as appealed from, is affirmed.
DRISCOLL, J.P., EMERSON and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 27, 2022