Constable v Staten Is. Univ. Hosp. (2023 NY Slip Op 06113)

Constable v Staten Is. Univ. Hosp.

2023 NY Slip Op 06113

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2020-07578
 (Index No. 151365/16)

[*1]Titus Constable, appellant,
v
Staten Island University Hospital, respondent.

Krenstel Guzman Herbert, LLP (Marcia K. Raicus and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone of counsel), for respondent.
In an action, inter alia, to recover damages for medical malpractice, the appeal is from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated October 5, 2020. The order granted the defendant's motion pursuant to CPLR 1021 to dismiss the complaint.

DECISION & ORDER
Motion by the respondent to dismiss the appeal on the ground that the attorney who filed the notice of appeal for the deceased appellant, Titus Constable, lacked authority to act on his behalf. By decision and order on motion of this Court dated July 8, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The plaintiff, Titus Constable, commenced this action in October 2016, inter alia, to recover damages for medical malpractice. Constable died while the action was pending, and his attorney advised the Supreme Court of the death by letter dated December 4, 2018. In June 2020, with no representative for Constable having been substituted, the defendant moved pursuant to CPLR 1021 to dismiss the complaint for failure to seek a timely substitution for the plaintiff. By order dated October 5, 2020, the court granted the defendant's motion. A notice of appeal was filed purportedly on behalf of Constable on October 6, 2020.
"The death of a party terminates the authority of the attorney for that person to act on his or her behalf" (Hyman v Booth Mem. Hosp., 306 AD2d 438, 438; see Hart v Blabey, 286 NY 75). Constable died after commencement of this action and no substitution was effected. Constable's [*2]attorney purportedly took this appeal on Constable's behalf. Since counsel lacks the authority to act, the purported appeal must be dismissed (see Hart v Blabey, 286 NY at 76; Green v Maimonides Med. Ctr., 172 AD3d 824, 825; Aurora Bank FSB v Albright, 137 AD3d 1177, 1178).
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court