Lewis v Uber Tech., Inc. (2026 NY Slip Op 01500)

Lewis v Uber Tech., Inc.

2026 NY Slip Op 01500

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-08656
 (Index No. 523124/19)

[*1]Bernadine Lewis, appellant, 
vUber Technologies, Inc., respondent, et al., defendant.

Newman, Anzalone & Newman, LLP (Neil R. Finkston, Great Neck, NY, of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Judy C. Selmeci and Virginia McGrane of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, purportedly Bernadine Lewis appeals from an order of the Supreme Court, Kings County (Caroline Piela-Cohen, J.), dated April 18, 2024. The order denied the motion purportedly made on behalf of Bernadine Lewis, in effect, to substitute nonparty Nicholas Lewis, as administrator of the estate of Bernadine Lewis, deceased, as the party plaintiff in place of Bernadine Lewis and to amend the caption accordingly, and granted the motion of the defendant Uber Technologies, Inc., pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to seek a timely substitution for the deceased plaintiff.
ORDERED that the appeal is dismissed, without costs or disbursements.
In October 2019, the deceased plaintiff, Bernadine Lewis (hereinafter the decedent), commenced this action against the defendant Uber Technologies, Inc. (hereinafter Uber), and another defendant to recover damages for personal injuries she allegedly sustained in 2018 while exiting a ride-share vehicle. The decedent died on April 5, 2020. On December 14, 2022, the decedent's son, nonparty Nicholas Lewis, filed a petition to be appointed administrator of the decedent's estate. On August 4, 2023, Nicholas was granted limited letters of administration solely for the purpose of prosecuting the instant action.
In June 2023, Uber moved pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to seek a timely substitution for the deceased plaintiff. The decedent's attorney opposed Uber's motion and subsequently moved, purportedly on behalf of the decedent, in effect, to substitute Nicholas, as administrator of the decedent's estate, as the party plaintiff and to amend the caption accordingly. In an order dated April 18, 2024, the Supreme Court granted Uber's motion and denied the motion purportedly made on behalf of the decedent. Thereafter, a notice of appeal was purportedly filed on behalf of the decedent.
It is well established that the death of a party divests the court of jurisdiction until a proper substitution is made (see Pepino v Dooley, 239 AD3d 1008; Vapnersh v Tabak, 131 AD3d 472, 473; Singer v Riskin, 32 AD3d 839, 839-840). "[A]ny determination rendered without such [*2]substitution will generally be deemed a nullity" (Aurora Bank FSB v Albright, 137 AD3d 1177, 1178 [internal quotation marks omitted]). Moreover, "[t]he death of a party terminates his or her attorney's authority to act on behalf of the deceased party" (Vicari v Kleinwaks, 157 AD3d 975, 976; see Lee v Leeds, Morelli & Brown, P.C., 233 AD3d 1072, 1076; Hayden v Brown, 230 AD3d 657, 658).
Although the determination of a motion pursuant to CPLR 1021 made by the successors or representatives of a party or by any party is an exception to a court's lack of jurisdiction (see Lee v Leeds, Morelli & Brown, P.C., 233 AD3d at 1076), here, the notice of appeal was filed by the decedent's former attorney, purportedly on the decedent's behalf, before a substitution was effected. Since the decedent's former attorney lacked the authority to file the notice of appeal on the decedent's behalf, the notice of appeal is a nullity and the appeal must be dismissed (see id.; Aurora Bank FSB v Albright, 137 AD3d at 1178; Hyman v Booth Mem. Hosp., 306 AD2d 438; see also Wright v Stephens, 239 AD3d 1271).
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court