(July 11, 2005)

■ ALASKA SEABOARD PARTNERS LIMITED PARTNERSHIP, Respondent, v VICTOR GRANT et al., Defendants. PUBLIC ADMINIS-

TRATOR OF KINGS COUNTY, Nonparty Appellant, and CHASE MAN-HATTAN MORTGAGE CORPORATION et al., Nonparty Respondents. [799 NYS2d 117]—

In an action to foreclose a mortgage, the appeal is from an order of the Supreme Court, Kings County (Barasch, J.), dated September 22, 2004, which denied the motion of the Public Administrator of Kings County, as administrator of the estate of Victor Grant, to vacate a judgment of foreclosure of the same court dated June 29, 1999, and to set aside any auctions or sales conducted in accordance therewith.

Ordered that the order is affirmed, with costs.

The Public Administrator of Kings County (hereinafter the Public Administrator), as the representative of the deceased mortgagor, moved, inter alia, to vacate a judgment of foreclosure, entered against the mortgagor after his death. The mortgagor never appeared in the action, and died almost 21 months after he was personally served with the summons and complaint and about 20 months after his default in answering. The motion was made almost five years after the judgment of foreclosure was entered and four-and-one-half-years after the subject property was sold to a bona fide purchaser.

The Supreme Court properly denied the motion (*see Bova v Vinciguerra,* 139 AD2d 797, 799 [1988] ["where a party's demise does not affect the merits of a case . . . there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution"]; *see also Gushlaw v Roll,* 290 AD2d 667 [2002]). The mortgagor defaulted in appearing long before his death, and neither he nor any successor in interest was entitled to notice of the judgment of foreclosure (*see* CPLR 3215 [g] [3] [iii]; *FGB Realty Advisors v Norm-Rick Realty Corp.,* 227 AD2d 439 [1996]), or of the ensuing sale of the property (*see Olympia Mtge. Corp. v Ramirez,* 9 AD3d 401 [2004]; *Bank of New York v Agenor,* 305 AD2d 438 [2003]). In any event, the lack of a meritorious defense to the foreclosure action renders any purported failure of notice of the judgment of foreclosure nonfatal (*see Rothschild v Finkelstein,* 248 AD2d 701 [1998]; *Fleet Fin. v Nielsen,* 234 AD2d 728 [1996]). Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.