MTGLQ Invs., L.P. v Pollins (2020 NY Slip Op 02642)





MTGLQ Invs., L.P. v Pollins


2020 NY Slip Op 02642


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-06621
 (Index No. 20647/11)

[*1]MTGLQ Investors, L.P., respondent, 
v
Delric Pollins, etc., et al., defendants, Courtney Pollins, etc., appellant.


Law Office of Samuel Katz, PLLC, Brooklyn, NY (Paul C. Bierman of counsel), for appellant.
Druckman Law Group PLLC, Westbury, NY (Maria Sideris of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Courtney Pollins appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 2, 2019. The order denied that defendant's motion pursuant to CPLR 1015(a) to stay the proceedings in the action.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Courtney Pollins pursuant to CPLR 1015(a) to stay the proceedings in the action is granted.
The defendant Courtney Pollins (hereinafter the defendant) moved pursuant to CPLR 1015(a) to stay the proceedings in this mortgage foreclosure action pending the substitution of a legal representative for the defendant Delric Pollins, who died in 2013. In an order dated April 2, 2019, the Supreme Court denied the defendant's motion. The defendant appeals, and we reverse.
" Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent'" (Lambert v Estren, 126 AD3d 942, 943, quoting Neuman v Neumann, 85 AD3d 1138, 1139). "In most instances a personal representative appointed by the Surrogate's Court should be substituted in the action to represent the decedent's estate" (Lambert v Estren, 126 AD3d at 943). "However, where a party's demise does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (U.S. Bank N.A. v Esses, 132 AD3d 847, 848; see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 858; Bova v Vinciguerra, 139 AD2d 797, 799).
Here, Delric Pollins, a defendant in this action, died in 2013 during the pendency of the action. Contrary to the plaintiff's contention, the record establishes that the death of Delric Pollins affects the merits of the case (see Wells Fargo Bank, N.A. v Schubnel, 176 AD3d 1353; U.S. Bank N.A. v Spence, 172 AD3d 654, 655; U.S. Bank N.A. v Esses, 132 AD3d at 848). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 1015(a) to stay the proceedings in the action.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court