Nationstar Mtge., LLC v Azcona (2020 NY Slip Op 04482)





Nationstar Mtge., LLC v Azcona


2020 NY Slip Op 04482


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-09362
 (Index No. 2266/12)

[*1]Nationstar Mortgage, LLC, respondent,
v
Angel Azcona, et al., defendants, Maria Cuesta, et al., appellants.


Charles Zolot, Jackson Heights, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC (Harold Kofman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maria Cuesta and Lourdes Cuesta appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 12, 2017. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered September 21, 2016, upon their default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against them for, inter alia, lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's predecessor-in-interest commenced this action to foreclose a mortgage encumbering certain real property located in Valley Stream (hereinafter the subject property). In February 2012, the defendants allegedly were served with process pursuant to CPLR 308(1) and (2), but failed to answer the complaint or otherwise appear in the action. In July 2015, the defendant Angel Azcona died. On September 21, 2016, the Supreme Court entered a default judgment of foreclosure and sale directing the sale of the subject property.
In February 2017, the defendants Maria Cuesta and Lourdes Cuesta (hereinafter together the defendants) moved pursuant to CPLR 5015(a)(4) to vacate the default judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them on the ground that the Supreme Court was without jurisdiction to enter the default judgment of foreclosure and sale because Azcona had died prior to its entry and, as such, the court was divested of jurisdiction until a legal representative was substituted for Azcona. Additionally, the defendants maintained that as they were not served with process in accordance with the CPLR, the court lacked personal jurisdiction over them. The court denied the defendants' motion, and they appeal.
"If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015[a]). Further, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order" [*2](CPLR 5015[a][4]). " Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent'" (Lambert v Estren, 126 AD3d 942, 943, quoting Neuman v Neuman, 85 AD3d 1138, 1139). However, if a party's death does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution (see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857; Alaska Seaboard Partners, Ltd. Partnership v Grant, 20 AD3d 436). Indeed, a mortgagor who has been duly served with notice of a foreclosure action and defaults in appearing is not entitled to notice of any subsequent judgment or sale (see Alaska Seafood Partners Ltd. Partnership v Grant, 20 AD3d at 437; Olympia Mtge. Corp. v Ramirez, 9 AD3d 401; Bank of N.Y. v Agenor, 305 AD2d 438).
According to the copy of the affidavit of service annexed to the defendants' motion, Azcona was served pursuant to CPLR 308(2) when the summons and complaint were delivered to his mother at his home in Ozone Park on February 23, 2012, and, thereafter, a copy was mailed to him at the same address. It is undisputed that Azcona failed to interpose an answer or appear in this action. Since Azcona defaulted in answering or appearing three years before his death, neither he nor any successor in interest was entitled to notice of the judgment of foreclosure or of the ensuing sale of the subject property (see Alaska Seaboard Partners, Ltd. Partnership v Grant, 20 AD3d at 437). Thus, we agree with the Supreme Court that Azcona's death did not affect the merits of this action, and that there was no need to strictly adhere to the requirement for a stay pending substitution (see id.).
We also agree with the Supreme Court's determination denying those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the default judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. According to two separate affidavits of service, Lourdes Cuesta was served at the subject property on February 25, 2012, by personal delivery to her of the summons and complaint (see CPLR 308[1]). At the same time, she accepted delivery of the summons and complaint as a person of suitable age and discretion evidencing service upon Maria Cuesta pursuant to CPLR 308(2). The claimed discrepancies between Lourdes Cuesta's stated physical appearance as set forth in her moving affidavit and the description of the person served contained in the process server's affidavits of service were either too minor or insufficiently substantiated to warrant a hearing (see PNC Bank, N.A. v Bannister, 161 AD3d 1114; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723).
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court