Wells Fargo Bank, N.A. v Miglio (2021 NY Slip Op 04780)





Wells Fargo Bank, N.A. v Miglio


2021 NY Slip Op 04780


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-14124
 (Index No. 130256/10)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Janice Miglio, etc., et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Fishkill, NY (Louis A. Levithan and Alexander Zamenhof of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 21, 2019. The order denied the plaintiff's unopposed motion, inter alia, to vacate the automatic stay of the action imposed by the death of the defendant Janice Miglio and to amend the caption to substitute for Janice Miglio her known and unknown heirs-at-law.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion, inter alia, to vacate the automatic stay of the action imposed by the death of the defendant Janice Miglio and to amend the caption to substitute for Janice Miglio her known and unknown heirs-at-law is granted.
In 2005, Paula Campiglia executed a consolidated mortgage in the amount of $150,000 encumbering real property located in Staten Island. Campiglia died in 2008. In February 2010, the plaintiff commenced this action to foreclose the consolidated mortgage, naming among the defendants Janice Miglino (erroneously spelled "Miglio" in the summons and complaint) and Ellen Felice, as heirs to the estate of Paula Campiglia. The plaintiff obtained an order of reference; a referee's oath and report of amount due was issued in 2011. Miglino died in 2016. In 2019, the plaintiff moved, inter alia, to vacate the stay automatically imposed by Miglino's death and to amend the caption to substitute for Miglino her known and unknown heirs-at-law. After initially granting the motion orally from the bench in May 2019, the Supreme Court issued a written order dated August 21, 2019, denying the motion and ordering that the stay "remain in effect pending the appointment of a Representative for the Estate of Janice Miglio, a/k/a Janice Miglino." The court directed that, "[u]pon a showing of proper application to Surrogates Court and compliance with the CPLR and EPTL, plaintiffs may submit a corrected Order for the requested relief for consideration." The plaintiff appeals.
"Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent" (Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 615 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Pollins, 183 AD3d 620). "In most instances a personal representative appointed by the Surrogate's Court should be substituted in the action to represent the decedent's estate" (Lambert v Estren, 126 AD3d 942, 943; see U.S. Bank N.A. v Esses, 132 AD3d 847, 848). "However, if a party's death does not affect the merits of a case, there is no need for strict adherence [*2]to the requirement that the proceedings be stayed pending substitution" (Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616; see U.S. Bank N.A. v Esses, 132 AD3d at 848). "Where a property owner dies intestate, title to real property is automatically vested in his or her distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747; see Matter of Blango, 166 AD3d 767, 768). Under such circumstances, "a foreclosure action may be commenced directly against the distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d at 747). Thus, where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, the mortgagor/property owner's death "does not affect the merits of a case, [and] there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616; see U.S. Bank N.A. v Esses, 132 AD3d at 848; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 859).
Here, the plaintiff submitted evidence establishing that Miglino died intestate. Accordingly, since the plaintiff does not seek a deficiency judgment, Miglino's death did not affect the merits of this action, and the Supreme Court should have granted the plaintiff's motion, inter alia, to vacate the automatic stay of the action imposed by the death of Miglino and to amend the caption to substitute for Miglino her known and unknown heirs-at-law (see Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616; Financial Freedom Senior Funding Corp. v Rose, 64 AD3d 539; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d at 859).
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court