2911 Mgt., LLC v Davis (2025 NY Slip Op 01074)

2911 Mgt., LLC v Davis

2025 NY Slip Op 01074

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-00543
 (Index No. 707073/20)

[*1]2911 Management, LLC, appellant, 
v
Nannie Mae Davis, etc., et al., defendants (and a third-party action).

Fidelity National Law Group, New York, NY (Michael C. Sferlazza of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered May 10, 2023. The order denied the plaintiff's unopposed motion to substitute for the defendants Nathaniel Bass and Richard T. Matthews their alleged heirs at law.
ORDERED that the order is affirmed, without costs or disbursements.
In 2020, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property located in Queens. Thereafter, the plaintiff moved to substitute for the defendants Nathaniel Bass and Richard T. Matthews their alleged heirs at law, alleging that those defendants had died intestate during the pendency of the action. In an order entered May 10, 2023, the Supreme Court denied the plaintiff's unopposed motion. The plaintiff appeals.
"Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent" (Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 615 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Pollins, 183 AD3d 620, 620). "In most instances a personal representative appointed by the Surrogate's Court should be substituted in the action to represent the decedent's estate" (Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777 [internal quotation marks omitted]). However, "[w]here a property owner dies intestate, title to real property is automatically vested in his or her distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747).
Here, the Supreme Court properly denied the plaintiff's motion to substitute for Bass and Matthews their alleged heirs at law. The plaintiff's submission of a petition for letters of administration alone, which notably did not contain any death certificate, failed to demonstrate that Matthews was deceased. Moreover, the plaintiff's submissions with respect to Bass, including a report from a genealogist and a probate petition filed in the state of Georgia, failed to demonstrate that Bass died intestate. Accordingly, the court properly denied the plaintiff's motion to substitute for Bass and Matthews their alleged heirs at law (see Citimortgage, Inc. v Bredehorn, 160 AD3d 803, 804).
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court