U.S. Bank N.A. v Sanon (2025 NY Slip Op 02807)

U.S. Bank N.A. v Sanon

2025 NY Slip Op 02807

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-09052
 (Index No. 30452/22)

[*1]U.S. Bank National Association, etc., appellant,
v
Jean Sanon, et al., defendants; Estate of Jean Sanon, nonparty-respondent.

McGlinchey Stafford PLLC, New York, NY (Rajdai D. Singh and Jason Lipkin of counsel), for appellant.
Jeremy Rosenberg, Chestnut Ridge, NY, for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated September 27, 2022. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Victor J. Alfieri, Jr., J.) entered October 9, 2015, inter alia, directing dismissal of the complaint pursuant to CPLR 3215(c) as abandoned, to restore the action to the active calendar, and to substitute the administrator of the estate of Jean Sanon in place of the defendant Jean Sanon.
ORDERED that the order dated September 27, 2022, is affirmed, with costs.
The plaintiff commenced this action in January 2009 against, among others, the defendant Jean Sanon to foreclose a mortgage encumbering certain real property located in Chestnut Ridge (hereinafter the subject property). Sanon failed to appear or answer the complaint. In July 2012, Sanon died.
By order entered October 9, 2015, the Supreme Court denied the plaintiff's unopposed motion, inter alia, in effect, for leave to enter a default judgment against Sanon and for an order of reference. The court also directed dismissal of the complaint pursuant to CPLR 3215(c) based on the plaintiff's failure to take proceedings for the entry of judgment within one year of Sanon's default in appearing or answering the complaint (hereinafter the dismissal order).
In February 2020, the plaintiff moved pursuant to CPLR 5015(a)(4) to vacate the dismissal order and to restore the action the active calendar, arguing that the Supreme Court was without jurisdiction to enter the order because Sanon had died prior to the issuance of the dismissal order and, thus, the court was divested of jurisdiction until such time as a legal representative of the estate was substituted for the deceased defendant in this action. The plaintiff's motion also sought, pursuant to CPLR 1015 and 1021, to substitute the administrator of Sanon's estate in place of Sanon. In an order dated September 27, 2022, the court denied the motion, and the plaintiff appeals.
"The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of [*2]jurisdiction to render the judgment or order" (id. § 5015[a][4]). "'Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent'" (Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 615 [internal quotation marks omitted], quoting Lambert v Estren, 126 AD3d 942, 943; see Neuman v Neumann, 85 AD3d 1138, 1139). "However, if a party's death does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616; see Nationstar Mtge., LLC v Persaud, 231 AD3d 842; Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d 436, 437). "Indeed, a mortgagor who has been duly served with notice of a foreclosure action and defaults in appearing is not entitled to notice of any subsequent judgment or sale" (Nationstar Mtge., LLC v Azcona, 186 AD3d at 616; see Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d at 437).
Here, the copy of an affidavit of service in the record on appeal indicates that Sanon was served on January 14, 2009, pursuant to CPLR 308(2), by delivery of a copy of the summons and complaint to a person of suitable age and discretion at the subject property, followed by the required mailing to Sanon at the same address. It is undisputed that Sanon failed to appear or answer the complaint. Since Sanon defaulted in appearing or answering the complaint approximately 3½ years prior to his death, neither he nor any of his successors in interest was entitled to notice of a judgment of foreclosure or of an ensuing sale of the subject property (see Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616). Pursuant to CPLR 3215(c), the plaintiff's time to take proceedings for the entry of judgment expired approximately 2½ years prior to Sanon's death.
Under the circumstances, the Supreme Court correctly determined that Sanon's death did not affect the merits of this action, and there was no need to strictly adhere to the requirement for a stay pending substitution (see id.). Since the court was not divested of jurisdiction upon Sanon's death, the dismissal order was properly issued. Accordingly, the court properly denied the plaintiff's motion pursuant to CPLR 5015(a)(4) to vacate the dismissal order, to restore the action to the active calendar, and to substitute the administrator of the estate of Jean Sanon in place of Sanon.
The remaining contentions of the plaintiff and nonparty estate of Jean Sanon either need not be reached in light of our determination or are not properly before this Court.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court