Bethpage Fed. Credit Union v Hughes (2025 NY Slip Op 03298)

Bethpage Fed. Credit Union v Hughes

2025 NY Slip Op 03298

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-11464
 (Index No. 40699/09)

[*1]Bethpage Federal Credit Union, respondent,
v
John S. Hughes, et al., defendants; Eric Hughes, etc., nonparty-appellant.

Christopher Thompson (McKinley Law, P.C., Lloyd Harbor, NY [Shannon C. McKinley and Austin T. Shufelt], of counsel), for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Sean Howland of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Eric Hughes, as executor of the estate of John S. Hughes, appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated September 20, 2023. The order denied that nonparty's motion pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered March 22, 2023, and granted the plaintiff's cross-motion to amend the caption to substitute that nonparty for the defendant John S. Hughes.
ORDERED that the order is affirmed, with costs.
On October 20, 2003, the defendant John S. Hughes (hereinafter the borrower) executed a consolidated note in the amount of $180,000 in favor of the plaintiff. The consolidated note was secured by a consolidated mortgage on certain real property located in Suffolk County.
On October 28, 2009, the plaintiff commenced the instant action to foreclose the mortgage against the borrower, among others. The borrower interposed an answer dated November 16, 2009. In an order dated February 27, 2013, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the borrower, to strike the borrower's answer, and for an order of reference. The order stated, in relevant part, "the answer interposed by defendant JOHN S. HUGHES be and hereby is deemed the usual appearance and waiver in foreclosure, requiring service of only Notice of Sale, Notice of Proceedings for Surplus Monies, and Notice of Discontinuance of Action upon said defendant."
On November 4, 2022, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered March 22, 2023, the Supreme Court granted the plaintiff's motion, without opposition, confirmed the referee's report, and directed the sale of the subject premises.
On July 11, 2023, nonparty Eric Hughes, as executor of the estate of John S. Hughes (hereinafter the appellant), moved pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale. The appellant submitted a death certificate indicating that the borrower died [*2]on January 5, 2020. The appellant was appointed executor of the borrower's estate on January 24, 2020.
The plaintiff opposed the motion and cross-moved, upon waiving its right to seek a deficiency judgment against the borrower's estate, to amend the caption to substitute the appellant for the borrower. In an order dated September 20, 2023, the Supreme Court denied the appellant's motion and granted the plaintiff's cross-motion. This appeal ensued.
The Supreme Court properly denied the appellant's motion to vacate the order and judgment of foreclosure and sale and granted the plaintiff's cross-motion to amend the caption to substitute the appellant, as executor of the borrower's estate, for the deceased borrower. "'Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent'" (Lambert v Estren, 126 AD3d 942, 943, quoting Neuman v Neuman, 85 AD3d 1138, 1139). "However, where a party's demise does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (U.S. Bank N.A. v Esses, 132 AD3d 847, 848). Here, the court correctly concluded that the borrower's death did not affect the merits of the case (see Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777-778; Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 616; Alaska Seaboard Partners Ltd. Partnership v Grant, 20 AD3d 436, 437).
Moreover, contrary to the appellant's contention, the record indicates that the plaintiff's delay in seeking the substitution was attributable to the appellant's own failure to timely inform the plaintiff or the Supreme Court of the borrower's death (cf. Suciu v City of New York, 239 AD2d 338).
Accordingly, we affirm the order.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court