Wilmington Sav. Fund Socy. v Jsang Kei Lau (2025 NY Slip Op 06924)

Wilmington Sav. Fund Socy. v Jsang Kei Lau

2025 NY Slip Op 06924

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Index No. 104792/09|Appeal No. 5357,5357A|Case No. 2024-05460 , 2024-06860|

[*1]Wilmington Savings Fund Society, etc., Plaintiff-Respondent,
v
Jsang Kei Lau, et al. Defendants, Zong Lau, et al., Defendants-Appellants. 

Zong Lau and Hui Lau, appellants pro se.
Craig Stuart Lanza PLLC, Brooklyn (Craig S. Lanza of counsel), for respondent.

Judgment of foreclosure and sale, Supreme Court, New York County (Francis A. Kahn III, J.), entered May 5, 2022, in favor of plaintiff, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 12, 2024, which granted plaintiff's motion to extend the time to conduct the foreclosure sale and denied defendant Zong Lau's cross-motion to cancel the notice of pendency, unanimously affirmed, without costs.
The argument of defendants Zong Lau and Hui Lau (defendants) that the judgment of foreclosure and sale should be vacated is unavailing. This Court's determination that defendants are necessary parties to this action as Jsang Lau's distributees (see Wilmington Sav. Fund Socy. v Jsang Kei Lau, 232 AD3d 433 [1st Dept 2024]), rendered after entry of the judgment of foreclosure, does not afford a basis to argue that Jsang's death affected the merits of this action (see Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777 [2d Dept 2021]). Prior to his death, Jsang opposed entry of the judgment of foreclosure and entered into a binding stipulation of settlement. Our determination concerning defendants does not alter nor invalidate the fact of Jsang's underlying default, nor the binding stipulation to settle the foreclosure action, which he violated by failing to remit payment, all occurring prior to his death.
The extension of time to hold the foreclosure sale was properly granted upon a showing of good cause, as the foreclosure sale originally scheduled for November 2022 was delayed, in large part, due to extensive motion practice and defendants' prior appeal (see Bank of Am., N.A. v Cord, 214 AD3d 934, 935-936 [2d Dept 2023]).
The filing of a successive notice of pendency was proper to preserve plaintiff's lien rights and provide public notice of the pending litigation affecting title to real property (CPLR 6516[a]). We have considered defendants' remaining arguments and find them unavailing. 
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025