Nationstar Mtge., LLC v Harrilall (2025 NY Slip Op 07010)

Nationstar Mtge., LLC v Harrilall

2025 NY Slip Op 07010

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-01281
 (Index No. 700123/13)

[*1]Nationstar Mortgage, LLC, appellant, 
vParmanand Harrilall, et al., defendants; Navrindra Rampersaud, proposed intervenor-respondent.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Adam Weiss of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Lance Evans, J.), entered September 15, 2023. The order, insofar as appealed from, sua sponte, stayed all proceedings in the action and marked the case off the court's active calendar until such time as a representative of the estate of the defendant Parmanand Harrilall is substituted for that defendant.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, stayed all proceedings in the action and marked the case off the court's active calendar until such time as a representative of the estate of the defendant Parmanand Harrilall is substituted for that defendant is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the stay is vacated.
In 2013, the plaintiff commenced this action against Parmanand Harrilall (hereinafter the decedent), among others, to foreclose a mortgage on certain real property located in Queens. The decedent failed to timely interpose an answer, and in 2016, a default judgment was entered against him.
In 2019, the decedent's sister, the defendant Gomattie Harrilall (hereinafter Gomattie), conveyed the subject property to the decedent's brother-in-law, Navrindra Rampersaud. According to Rampersaud, the decedent died in 2020.
Rampersaud moved for leave to intervene in the action and, thereupon, to dismiss the complaint. The plaintiff opposed. In an order entered September 15, 2023, the Supreme Court, inter alia, sua sponte stayed all proceedings in the matter due to the decedent's death and marked the case off the court's active calendar until such time as a representative of the decedent's estate is substituted for the decedent. The plaintiff appeals.
"Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent" [*2](Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 615 [internal quotation marks omitted]; see MTGLQ Invs., L.P. v Pollins, 183 AD3d 620, 620). "In most instances a personal representative appointed by the Surrogate's Court should be substituted in the action to represent the decedent's estate" (Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777 [internal quotation marks omitted]). If "a party's death does not affect the merits of a case," such as where a default judgment is entered against a borrower "there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616; see Wells Fargo Bank, N.A. v Miglio, 197 AD3d at 777; cf. Nationstar Mtge., LLC v Persaud, 231 AD3d 842, 844).
Here, it is undisputed that the decedent was properly served, among other methods, pursuant to CPLR 308(2) when the summons and complaint were delivered to a resident of suitable age and discretion at the property on January 26, 2013. The decedent thereafter failed to appear or answer the complaint.
Under these circumstances, there was no need for strict adherence to the requirement that the proceedings be stayed after the decedent's death pending substitution (see Wells Fargo Bank, N.A. v Miglio, 197 AD3d at 777; Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616). Accordingly, we vacate the stay imposed by the Supreme Court as well as the condition that substitution be effectuated prior to restoration.
We need not reach the plaintiff's remaining contentions in light of our determination.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court