HSBC Mtge. Corp. (USA) v Jsang Kei Lau (2026 NY Slip Op 00839)

HSBC Mtge. Corp. (USA) v Jsang Kei Lau

2026 NY Slip Op 00839

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 101869/09|Appeal No. 5832|Case No. 2024-05287|

[*1]HSBC Mortgage Corporation (USA), Plaintiff-Respondent,
vJsang Kei Lau, et al., Defendants, Zong Lau et al., Nonparty-Appellants.

Zong Lau and Hui Lau, appellants pro se.
McCabe, Weisberg & Conway, LLC, Port Chester (Robert T. Yusko of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered July 30, 2024, which granted plaintiff's motion for an extension of time to conduct a foreclosure sale of the subject premises and denied nonparty appellants' cross-motion to be substituted as defendants in place of defendant mortgagor Jsang Kei Lau (Jsang Lau), unanimously affirmed, without costs.
The court providently exercised its discretion in granting plaintiff's motion for an extension of time to conduct a foreclosure sale (see Bank of Am., N.A. v Cord, 214 AD3d 934, 935-936 [2d Dept 2023]). The sale was delayed on multiple occasions due to various reasons, including stays obtained by Jsang Lau, bankruptcy actions commenced by Jsang Lau, the executive orders staying foreclosures during the Covid-19 pandemic, and a federal action commenced by appellants, Jsang Lau's daughters, and later dismissed, as well as other motion practice initiated by appellants. Nor can appellants claim to be prejudiced by the delay caused, in large part, by their own actions and Jsang Lau's conduct before them (see Bank of N.Y. Mellon v Adam P10tch, LLC, 226 AD3d 497, 497-498 [1st Dept 2024], lv dismissed 42 NY3d 1046 [2024]). There is no basis for appellants to reargue the issue of standing at this juncture (see CPLR 1018; Wells Fargo Bank, N.A. v Hudson, 98 AD3d 576, 577 [2d Dept 2012]).
The court also properly denied appellants' cross-motion to be substituted as defendants in this action. Before Jsang Lau died in 2020, the mortgage was in default, this action had been commenced, and a judgment of foreclosure and sale was entered against him in 2018. Indeed, appellants do not challenge the legitimacy of the judgment, nor do they contend that Jsang Lau predeceased the judgment. Moreover, in July 2024, plaintiff asserted that it was waiving any right to a deficiency judgment against Jsang Lau's estate. Accordingly, Jsang Lau's death did not affect the merits of this action, and a stay of foreclosure was not mandated pending substitution (see Matter of London, 200 AD3d 493, 493 [1st Dept 2021]; Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777 [2d Dept 2021]; cf. Nationstar Mtge., LLC v Persaud, 231 AD3d 842, 844 [2d Dept 2024]).
Even if appellants were substituted in this action, their substitution would not alter or invalidate the judgment or Jsang Lau's underlying pre-death default, which is the sole basis for the judgment (see Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168, 170-171 [3d Dept 1981], lv denied 58 NY2d 604 [1983]).
We have considered appellants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026