Champion Mtge. v Williams

2026 NY Slip Op 02960

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Champion Mortgage, etc., plaintiff,

v

Rosemarie E. Williams, appellant, et al., defendants; U.S. Bank Trust, N.A., etc., nonparty-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-09958, (Index No. 704558/21)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Andrea S. Gross, St. Albans, NY, for appellant.

Locke Lord LLP, New York, NY (Harry K. Tiwari of counsel), for nonparty-respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Rosemarie E. Williams appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Janice A. Taylor, J.), entered March 17, 2022. The order and judgment of foreclosure and sale, among other things, upon an order of the same court entered June 29, 2021, granting the motion of nonparty U.S. Bank Trust, N.A., to confirm an amended report of a referee and for a judgment of foreclosure and sale, and denying the cross-motion of the defendants Rosemarie E. Williams and Trevor P. Williams to dismiss the complaint insofar as asserted against them, granted the same relief to that nonparty, denied the same relief to those defendants, and directed the sale of the subject property.

ORDERED that the appeal is dismissed, without costs or disbursements, and the order and judgment of foreclosure and sale is vacated.

In 2006, the plaintiff commenced this action against, among others, the defendants Rosemarie E. Williams and Trevor P. Williams to foreclose a mortgage on certain real property located in Queens. In addition to the judicial sale of the subject property, the amended complaint sought a deficiency judgment against both Rosemarie E. Williams and Trevor P. Williams. After the commencement of the action, but prior to the issuance of the order and judgment of foreclosure and sale appealed from, Trevor P. Williams died. The parties failed to move for the substitution of a representative of Trevor P. Williams's estate.

"'Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent'" (Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777, quoting Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 615). Ordinarily, any determination rendered without such a substitution is deemed a nullity (see Pierre v King, 240 AD3d 531, 532; Nationstar Mtge., LLC v Persaud, 231 AD3d 842, 844; CitiMortgage, Inc. v Clement, 209 AD3d 971, 972). However, under certain circumstances, where a party's death does not affect the merits of a case, this Court has found that there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution (see Nationstar Mtge., LLC v Persaud, 231 AD3d at 844; Wells Fargo Bank, N.A. v [*2]Miglio, 197 AD3d at 777; Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616).

Here, the record demonstrates that as of July 2021, the plaintiff and the Supreme Court were on notice that Trevor P. Williams had died. Nevertheless, the proceedings continued after that date, and in March 2022, the court issued the subject order and judgment of foreclosure and sale, which contains a deficiency provision applicable to Trevor P. Williams.

Given the deficiency provision contained in the order and judgment of foreclosure and sale, the demise of Trevor P. Williams affects the merits of the case (see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 859). The contention of nonparty U.S. Bank Trust, N.A., that it waived the right to seek a deficiency against Trevor P. Williams is based on evidence dehors the record and, therefore, is not properly considered on this appeal (see Toporoff v Galli, 242 AD3d 924; People v Terryl E., 242 AD3d 767). Therefore, under the circumstances of this case, since a proper substitution was not made as required by CPLR 1015(a), the Supreme Court was without jurisdiction, inter alia, to issue the order and judgment of foreclosure and sale. Accordingly, the order and judgment of foreclosure and sale appealed from is a nullity and must be vacated and the appeal must be dismissed, as this Court has no jurisdiction to entertain the appeal (see NYCTL 2004-A Trust v Archer, 131 AD3d 1213; JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714; Klaus v Schepps, 15 AD3d 626).

The parties' remaining contentions either are without merit, are not properly before this Court, or need not be considered in light of our determination.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court